IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIANIKWA HAYWOOD and § <br> PAUL-DOUGLAS CELESTINE § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> TEXAS REALATOR; MACKIE WOLF § <br> ZIENTZ MAN P.C. LAW FIRM; § <br> SANDFORD & KURLAND; § <br> SONYA LEUCHAUSER; § <br> DHI MORTGAGE COMPANY, LTD; § <br> TIM NICHOLSON; SANDRA NASEEF; § <br> JOHN DOE; JANE DOE; § <br> PENNYMAC LOAN SERVICES, LLC; § <br> NO BULL INVESTMENT, LLC; § <br> § <br> Defendants. § | Case No. 3:22-cv-02174-K-BT |

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiffs :Tianikwa :Haywood and :Paul-Douglas :Celestine's fee-paid, *pro se* civil action seeking $50 million from Defendants Texas Realator, Mackie Wolf Zientz Man P.C. Law Firm (Mackie Wolf), Sandford & Kurland, Sonya Leuchauser, DHI Mortgage Company, Ltd. (DHI Mortgage), Tim Nicholson, Sandra Naseef, John and Jane Doe, PennyMac Loan Services, LLC (PennyMac), and No Bull Investment, LLC. *See* Compl. (ECF No. 3). Because Plaintiffs' claims are frivolous and without merit, the Court should *sua sponte* DISMISS all of Plaintiffs' claims and causes of action. Additionally, or in the alternative, the Court should grant the separate motions to dismiss filed by (i)

1

PennyMac and Mackie Wolf (ECF No. 6), and (ii) DHI Mortgage and DHI Title (ECF No. 10).

## Background

On September 30, 2022, Plaintiffs initiated this lawsuit by filing a pleading entitled "Lawsuit for Deceptive Trade Practices, Common Law Fraud, Fraud, Fraudulent Concealment, Rico Violations, Due Process, Failure Of Notice, Civil Rights Act Of 1964, Void Contract, Void Loan Agreement, Void Sale Of Property, Conspiracy Construction Of Evidence, Title 18 U.S. Code § 241 Criminal Conspiracy[,] Equal Protection Of Law, Framing, Violation Of Title 18 U.S. Code § 1692, Title 18 U.S. Code § 1519, Title 18 U.S. Code § 1001, Title 18 U.S. Code § 371." Compl. 1. Liberally construed, Plaintiffs' lawsuit apparently pertains to a mortgage loan for Haywood's home in Midlothian, Texas. *See* Compl. 2–4. But their complaint is meandering and, at times, incomprehensible. It references Maritime and Contract Law and other principles associated with the "sovereign citizen" movement.

On October 11, PennyMac and Mackie Wolf filed a Motion to Dismiss (ECF No. 6) pursuant to Federal Rule of Civil Procedure 12(b)(5) asserting that Plaintiffs' attempt to serve them via First Class Mail is improper under Rule 4. 12(b)(5) Mot. 4.[1] Plaintiffs argued in their Response that service was proper under the Hague

---

[1] The Court refers to PennyMac and Mackie Wolf's Motion as "12(b)(5) Motion" and Plaintiff's Response to said motion as "12(b)(5) Resp." Similarly, the court will refer to DHI Mortgage and DHI Title's 12(b)(6) Motion as "12(b)(6) Mot." and Plaintiff's response as "12(b)(6) Resp."

Convention and Maritime Law. 12(b)(5) Resp. 2 (ECF No. 13). PennyMac and Mackie Wolf filed their Reply (ECF No. 14) on November 8, 2022. On November 11, Plaintiffs' filed Proofs of Service purportedly showing that Plaintiff Celestine served six out of the eleven named Defendants via First-Class Mail. *See* Proofs of Serv. (ECF No. 15).

On October 24, DHI Mortgage and DHI Title filed a Motion to Dismiss (ECF No. 10) pursuant to Rule 12(b)(6) arguing that Plaintiffs' pleading does not allege any specific actions sufficient to state a claim. 12(b)(6) Mot. 2. In its Response, Plaintiffs state that a contract—presumably Haywood's mortgage contract—is null and void under Maritime and Contract Law under the "sovereign citizen" theory. *See* 12(b)(6) Resp. (ECF No. 16). DHI Mortgage and DHI Title did not file a Reply.

Having reviewed Plaintiffs' complaint and the pending motions to dismiss, the Court should find Plaintiffs' claims are frivolous and without merit. The Court should *sua sponte* dismiss all of Plaintiffs' claims and causes of action. Additionally, or in the alternative, the Court should grant the pending motions to dismiss.

## Legal Standards and Analysis

I.   The Court should *sua sponte* dismiss Plaintiffs' complaint as frivolous.

A district court has the authority to consider the sufficiency of a complaint and dismiss an action on its own motion, as long as the procedure it employs is fair. *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 733 n.7 (N.D. Tex. 2011). "[F]airness in this context requires both notice of the court's intention

3

and an opportunity to respond." *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006). In this case, because the magistrate judge's findings and recommendation provides Plaintiffs with notice of the deficiencies in their complaint and an opportunity to respond, the procedure employed is fair. *Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018) ("[Plaintiff] had both notice and an opportunity to respond. The magistrate judge issued its recommendation that the court dismiss [Plaintiff]'s claims . . . and clearly stated that [Plaintiff] had fourteen days to object to its recommendation.").

Plaintiffs' complaint is frivolous and without merit. Plaintiffs allude to several causes of action in their complaint but fail to allege any facts connecting the named Defendants to any cause of action identified. *See* Compl. 1. Indeed, Plaintiffs' complaint is completely void of any facts, let alone specific allegations of wrongdoing, related to any Defendant.[2] Therefore, Plaintiffs Complaint should be

---

[2] The following examples are illustrative of the contents of Plaintiffs' complaint:

- For the Claimant's knowledge of facts of the claim, Defendants have violated C-S-S-C-P-S-G by the grammar and the framing or boxing of the loan agreement under Maritime Law. Framing is illegal and void and it stops the conveyance of evidence in that it triggers fraud and common law fraud. The conduct by Defendants make :Tianikwa :Haywood both the lender and narrower, thus, fraud being fraud in nature and by all of the Defendants working together to complete the conspiracy of Title 18 U.S.C. § 1961-1968 Rico Act, that by the Defendant's conduct there was no bank sign of the fraudulent mortgage contract.

- Due Process attaches to the notice in which was violated by the False-Parse-Syntax-Grammar by the Defendants. The Plaintiff invokes now time under Maritime Law, in which, truth and facts

dismissed because "even the most sympathetic reading of plaintiff[s'] pleadings uncover no theory or facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791–92 (5th Cir. 1986).

Further, to the extent Plaintiffs' complaint is premised upon a "sovereign citizen" theory, Plaintiffs' complaint is frivolous. As best the Court can discern, Plaintiffs allege that a mortgage or loan contract for Haywood's home violates C-S-S-C-P-S-G (also referred to by Plaintiffs as F.C.S.S.P.S.G and Parse-Syntax-Grammar), and therefore the contract is null and void and the property belongs to Plaintiffs. *See* Compl. This is not a valid legal theory to void any contract. The language C-S-S-C-P-S-G or "Parse-Syntax-Grammar," was invented by a member of the sovereign citizen movement to burden federal courts. *Swartz v. SPX Corp.*, 2015 WL 12159211, at *3 (M.D. Pa. Dec. 10, 2015), report and recommendation

---

shall come before the court. Plaintiffs have paid the fee to move the vessel out of dry dock into the sea of space.

- This claim is being filed for the Defendants' use of fraudulent grammar in the contracts and loan agreement by the fraud of the Defendants. The Plaintiff requests that all the documents be syntax with the correct sentence structure communication parse syntax grammar which is constitutionally protected by due process of law [U.S.C.A. 14th Amend].

- [Plaintiff]: Paul-Douglas :Celestine is a vassal or liege of the claim, subject or person regarded as having mutual obligation to a lord or monarch in the context of the feudal system in medieval Europe. The obligation often included military support by knights in exchange for certain privileges, usually including land held as a tenant.

Compl. 1–2.

adopted sub nom. *Swartz v. Sealed Power Corp.*, 2016 WL 4698638 (M.D. Pa. Feb. 2, 2016) ("Plaintiff appears to be using the 'Parse-Syntax-Grammar' language invented by tax protester David Wynn Miller, a member of the 'sovereign citizen' movement, to burden federal courts 'with a frivolous line of litigation . . . .'") (first citing *United States v. Pflum*, 2013 WL 4482706, at *1 (D. Kan. Aug. 21, 2013); then citing *United States v. Kriemelmeyer*, 2007 WL 5479293 (W.D. Wis. July 26, 2007)).

"So-called sovereign citizens argue that, though they are born and reside in the United States, they are their own sovereigns and are not United States citizens." *Mack v. Sweet*, 2017 WL 6756667, at *3–4 (N.D. Tex. Dec. 4, 2017) (citing *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011)). "They claim as grounds for this belief: the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses." *Mack*, 2017 WL 6756667, at *3 (citing *Mason v. Anderson*, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 18, 2016)). And sovereign citizens often attempt to use their beliefs to, among other things, "extinguish debts." *Westfall v. Davis*, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018). But sovereign citizen legal arguments and theories "are not valid in the courts of the United States" and have been overwhelmingly rejected for years as frivolous and "indisputably meritless." *Mack*, 2017 WL 6756667, at *3-4; *see Watson v. Tex. State Univ.*, 829 F. App'x 686, 686 (5th Cir. 2020) (per curiam).

"It is common for sovereign citizens to utilize particular frivolous theories." *Mack*, 2017 WL 6756667, at *3. However, "these citizens cannot claim to be

sovereigns independent of governmental authority while they simultaneously ask the judicial system to grant them recourse." *Id.* (citing *Mason*, 2016 WL 4398680, at *2). Consequently, courts routinely dismiss sovereign citizen claims—like those found in Plaintiffs' complaint—as frivolous and without merit. *Davis v. FNU*, 2021 WL 3353969, at *7 (N.D. Tex. July 13, 2021); *Westfall*, 2018 WL 2422058, at *2; *see Berman v. Stephens*, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (collecting cases). Accordingly, the Court should dismiss Plaintiffs' claims as frivolous and without merit.

I. <u>The Court should grant DHI Mortgage and DHI Title's Rule 12(b)(6) Motion to Dismiss.</u>

To survive a Rule 12(b)(6) motion, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic

7

recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal,* 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly,* 550 U.S. at 557).

DHI Mortgage and DHI Title move to dismiss Plaintiffs' complaint pursuant to Rule 12(b)(6) because Plaintiffs have failed to plead any viable claims. Specifically, DHI Mortgage and DHI Title contend "the only cause of action that has been pled is something Plaintiffs refer to as a violation of "False-Communication-Sentence-Parse Syntax-Grammar, or F.C.S.S.P.S.G" which is not a viable claim," and "[t]he Lawsuit does not articulate any well-pleaded facts rationally supportive of any claim against [DHI Mortgage and DHI Title]." 12(b)(6) Mot. 2. In their Response, Plaintiffs merely reallege the same theory of liability—that "Defendants" violated the "C-S-S-C-P-S-G, Correct Sentence Structure Communication Parse Syntax."

As explained, Plaintiffs' complaint is entirely frivolous. It is devoid of any specific allegations of wrongdoing by any Defendant—including DHI Mortgage and DHI Title—and it contains allegations premised upon the frivolous "sovereign citizen" theory and a host of other nonsensical and incomprehensible allegations. Thus, the Court should grant DHI Mortgage and DHI Title's motion to dismiss.

8

II. <u>The Court should grant PennyMac and Mackie Wolf's Motion to Dismiss pursuant to Rule 12(b)(5).</u>

Rule 12(b)(5) permits a challenge to the plaintiff's method of service or the lack of delivery of the summons and complaint. *See* Fed. R. Civ. P. 12(b)(5); *Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 745 (N.D. Tex. 2013) (citations omitted). "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam) (citations omitted). "To establish good cause, a [plaintiff] must demonstrate 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Id.* (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). A plaintiff's *pro se* status does not excuse the failure to properly effect service. *Id.* (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).

Here, Plaintiffs, proceeding *pro se*, paid the statutory filing fee; therefore, they are responsible for properly serving Defendants with a summons and complaint per Federal Rule of Civil Procedure 4. Rule 4(e) allows service upon a defendant by: (1) serving the defendant pursuant to state law; (2) "delivering a copy of the summons and of the complaint to the individual personally;" (3) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (4) "delivering a copy

9

of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. Pro. 4(e). In addition, a corporation, may be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." *Id.* at 4(h).

PennyMac and Mackie Wolf allege that service was improper because Defendants were served via regular mail and, "with respect to PennyMac, the service was not directed to the registered agent, or an officer as required by Texas law." 12(b)(5) Br. 4. In their Response, Plaintiffs admit they served Defendants via "registered mail and First-Class Mail." 12(b)(5) Resp. However, Plaintiffs allege service was proper under the Hague Convention and Maritime Law. *Id.*

First, the Hague Convention does not apply. "Texas courts defer to the Hague Convention in determining what constitutes proper service when transmission of documents *abroad* is required." *Prem Sales, LLC v. Guangdong Chigo Heating & Ventilation Equip. Co., Ltd.*, 494 F. Supp. 3d 404, 411 (N.D. Tex. 2020) (citing *In re T.M.E.*, 565 S.W.3d 383, 391–92 (Tex. App.—Texarkana 2018, no pet.)). However, proper service upon PennyMac and Mackie Wolf does not require "transmission of documents abroad" since Mackie Wolf operates in Texas and PennyMac has a registered agent in Texas. *See* 12(b)(5) Mot., Ex. 1 (Decl.). Therefore, the Hague Convention does not apply, and the Court declines to evaluate whether service would be proper under the Hague Convention.

Second, even if Plaintiffs asserted a proper Maritime Law claim—which they did not, *see supra,* Rule 4 still governs service. *See generally World Tanker Carriers Corp. v. M/V Ya Mawlaya,* 99 F.3d 717, 723 (5th Cir. 1996) ("Courts have observed repeatedly that maritime law is federal law."). Therefore, only the methods outlined in Rule 4 are proper—and service via regular mail is not a proper method permitted under Rule 4.

In addition, the Proofs of Service (ECF No. 15) Plaintiffs filed on November 10, 2022, demonstrate that Plaintiff Celestine effected service. Rule 4(c)(2) specifies who may serve a defendant and specifically states that a person who is a party to the action may not serve a defendant. Fed. R. Civ. P. 4(c)(2). Therefore, service was improper under Rule 4.

Despite this failure, "[t]he Court rarely dismisses a case due to the failure to properly serve a defendant" and "[o]n occasions where the Court has granted dismissal for improper service, it was only after *multiple* chances were given." *Coleman v. Carrington Mortg. Serv., LLC,* 2020 WL 4723174, at *5 (E.D. Tex. July 27, 2020) (emphasis in original) (internal quotation marks omitted); *see also Styles v. McDonalds Restaurant*, No. 4:17-cv-791 (E.D. Tex. July 24, 2019), ECF No. 56 (Mazzant, J.) (declining to dismiss the case under Rule 12(b)(5) until "Plaintiff failed to properly serve Defendant after multiple opportunities and failed to demonstrate good cause for such failure") (emphasis added); *Bowling v. Childress-Herres,* 2019 WL 4463450, at *6 (E.D. Tex. Aug. 7, 2019) (providing plaintiff multiple opportunities to serve defendant), *rec. adopted,* 2019 WL

11

4451122 (E.D. Tex. Sept. 17, 2019). However, granting Plaintiffs an additional opportunity to effect service would likely be futile. Unless Plaintiffs amend their complaint to state a viable claim against PennyMac and Mackie Wolf, the Court should dismiss Plaintiffs' claims against PennyMac and Mackie Wolf under Rule 12(b)(5).

## Opportunity to Amend

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. However, leave to amend is not warranted when the defects in the complaint are incurable. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

That is the case with Plaintiffs' claims based on any sovereign citizen theory. The Court should grant Plaintiffs leave to amend only to the extent they can plead specific facts to support a cause of action against a named Defendant that is not based on any sovereign citizen theory. Otherwise, Plaintiffs' claims and causes of action should be dismissed with prejudice.

## Recommendation

For the reasons stated, the Court should *sua sponte* DISMISS all of Plaintiffs' claims and causes of action. The Court should grant Plaintiffs leave to amend only to the extent they can plead specific facts to support a cause of action against a named Defendant that is not based on any sovereign citizen theory. Otherwise, Plaintiffs' claims and causes of action should be dismissed with prejudice.

Additionally, or in the alternative, the Court should grant the separate motions to dismiss filed by (i) PennyMac and Mackie Wolf ([ECF No. 6](#)), and (ii) DHI Mortgage and DHI Title (ECF No. [10](#)). The Court should grant Plaintiffs leave to amend only to the extent they can plead specific facts to support a cause of action against DHI Mortgage and DHI Title that is not based on any sovereign citizen theory. And unless Plaintiffs amend their complaint to state a viable claim against PennyMac and Mackie Wolf, the Court should dismiss Plaintiffs' claims against PennyMac and Mackie Wolf under Rule 12(b)(5), without leave to reserve.

**SO RECOMMENDED.**

August 4, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

13

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved part from appealing the factual findings and legal conclusion of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United States Automobile Ass'n.* 79 F.3d 1415, 1417 (5th Cir. 1996).